WILLIAM A. ROGERS v. GEORGE WELTE ET AL.

*Bill in aid of execution—Judgment—Payment and satisfaction of.*

In this case the Court find from the evidence that the judgment upon which complainant bases his claim for relief was paid and satisfied, so far as defendants are concerned, before the filing of complainant's bill, and reverse the decree in favor of complainant, and one is ordered to be entered vacating the execution levy, as prayed for by defendant Welte in his answer.

Appeal from Eaton. (Hooker, J.) Argued April 22 and 23, 1886. Decided April 29, 1886.

Bill filed in aid of execution. Defendant Welte appeals. Reversed, and decree entered vacating complainant's execution levy.

*Foote & McCall* and *R. W. Shriner*, for complainant.

*A. F. Rouse* and *L. D. Johnson*, for defendant Welte.

MORSE, J. The bill of complaint in this cause was filed in aid of execution, and avers in substance the obtaining of a judgment in favor of complainant against the defendant Levi Merrill on the twenty-fourth day of July, 1882, for $1,004 and costs, upon which judgment nothing has been paid, and now remaining in full force and unsatisfied; that before the rendition of said judgment the said Levi Merrill owned in fee-simple certain described premises in Eaton county; that execution was issued on said judgment on the twenty-ninth day of May, 1884, and the same day levied upon all the right, title, and interest of the said Merrill in and to said premises, which execution is still in the hands of the sheriff, not returned, and unsatisfied in whole or in part.

Complainant further alleges that prior to the taking of said judgment, and upon the first day of April, 1882, said Merrill made a pretended conveyance of part of these premises to the defendant Triphina H. Goodenough, and that after

the judgment, and May 1, 1883, he also conveyed the balance of his land to his daughter, the defendant Lorinda H. Merrill, and that these deeds were both made for the purpose of defrauding complainant, and escaping the payment of this judgment, and that no consideration passed or was paid, by either Triphina H. Goodenough or Lorinda H. Merrill, to Levi Merrill for such conveyances; that Levi Merrill is insolvent, and has little, if any, property outside of these lands.

Complainant further avers that, after the making and recording of his levy, the said Triphina H. Goodenough and Lorinda H. Merrill conveyed said premises to the defendant George Welte, the said Welte at the time of such conveyance being aware of said levy, and the rights of complainant under it, and familiar with all the facts in regard to said judgment and levy; and that, as he is informed and believes, Welte purchased subject to such levy, and in recognition of it, and expressly agreed with said Goodenough and Merrill to pay the same.

He therefore prays that said conveyances may be set aside as to him, and he be allowed to proceed, and collect his debt upon said execution out of the said premises.

The bill was taken as confessed against all the defendants, except Welte, who answered, in effect admitting the issuing and levying of the execution as stated in the bill, but denying any fraud in any of the conveyances, and averring that 40 acres of the land, being the same conveyed by Levi Merrill to Lorinda H. Merrill, was, at the date of such conveyance, and for many years before that, the homestead of the said Levi, and that it did not exceed in value the amount of the homestead exemption.

He also denied that there was anything actually or equitably due the complainant upon said judgment at the time of the filing of his bill of complaint; admits that he knew of the levy when he purchased, but denies that he ever agreed with any one to pay the same, or that he bought the premises subject to its lien. He avers that before buying he consulted with an attorney, who, upon investigation, advised him

that said levy was invalid, and that complainant had no interest in said premises; and that he purchased the land in perfect good faith, paying a sufficient consideration therefor.

He also claims the benefit of a cross-bill under his answer, and asks that the said levy may be vacated and set aside.

Upon this issue the testimony was taken, and the case went to hearing before Judge Hooker, who entered a decree in accordance with the prayer of complainant's bill, except that he found the 40 acres to be a homestead, but of greater value than $1,500. The defendant Welte appeals.

Much irrelevant and incompetent testimony was taken upon the part of complainant for the purpose of showing fraud in the conveyances from Levi Merrill to Triphina H. Goodenough and Lorinda H. Merrill; but, as we view the proofs, it is not necessary to point out this incompetent evidence, or to discuss the reasons why it should not be considered.

We are satisfied that the judgment upon which complainant bases his claim for relief has been paid and satisfied, as far as the defendants are concerned, and that, at the time of the filing of his bill of complaint, he had no legal or equitable right to enforce its collection.

It appears from the testimony of Robert W. Shriner, who was the attorney of complainant in procuring the judgment, and E. A. Foote, the attorney of Levi Merrill in defending the same, both produced and sworn as witnesses in this cause upon the part of complainant, that soon after this judgment was rendered an arrangement was made between them, with the consent of Rogers and Merrill, by which agreement, if Merrill paid $750 or $775, or between $700 and $800, the exact amount to be paid not being remembered by either Shriner or Foote, the judgment should be canceled. This agreement was reached, and this sum to be accepted in full payment, as Shriner testifies, in order to prevent an appeal from the judgment to the Supreme Court.

This agreement was in writing, but is not produced or satisfactorily accounted for. After $717 or $791, it is not very clear which, had been paid by Mr. Foote upon this agree-

ment to Shriner, who handed the same to Rogers, the complainant, less the fees which were due to him from Rogers, it seems to have occurred to these attorneys, for some reason not plainly apparent, and at what precise time cannot be ascertained from their testimony, that Mr. Merrill had not fulfilled his part of the arrangement; and it is claimed by them that Foote handed the written stipulation back to Shriner, and the agreement was declared forfeited. It does not appear, however, that either of these attorneys or Mr. Rogers ever informed the defendant Merrill of such forfeiture.

It also appears that the agreement stipulated that the amount paid in satisfaction of the judgment should be so paid within three months after the rendition of the judgment. Mr. Shriner testifies that the money was not all paid at once, but the last payment was October 14, 1882, which was within the time limited. When we consider the amount of money paid, and the time of its payment, it is not very clear to us how the agreement became forfeited.

In the light of Mr. Foote's testimony, and the action of all the parties after the payment, we are convinced that the forfeiture of this agreement was an after-thought, and that the surrender of the agreement by him to Shriner took place not long before the issue and levy of execution, which was nearly two years from the date of the judgment.

Mr. Foote now claims that he paid all this money to Shriner, except $74, out of his own pocket, with the understanding that, if Merrill did not reimburse him, Rogers should pay it back to him, and therefore reasons that the whole amount of the judgment is due Rogers from Merrill save the $74. But he admits that Merrill paid him more money than the $74. He remembers of receiving at least $209 of Merrill and Mrs. Goodenough, but claims that the balance was applied on his fees with their consent. He cannot now tell how much more he paid Shriner than he received from Merrill. It is evident from his own testimony, and that of Shriner, that at the time Foote paid the money on the judgment he had no arrangement whatever with Rogers or Shriner that the money should ever be repaid to him.

Whatever he paid out of his own pocket he furnished in the faith that Merrill or Mrs. Goodenough would repay him, and Rogers never was, and is not now, under any legal obligation to refund a cent to him.

The proofs show that as late as December 4, 1884, the following paper drawn by Mr. McCall, one of complainant's solicitors in this case, was signed by Foote, and handed· to Mrs. Goodenough for Welte's benefit:

"FOOTE & McCALL,
"ATTORNEYS AT LAW.
"CHARLOTTE, MICH., December 4, 1884.

"I, E. A. Foote, hereby certify that my claim against what is known as the 'Merrill Property,' in the county of Eaton, if paid within thirty days, will be settled for about seven hundred and thirty-five dollars, but may vary some either way.                                                    E. A. FOOTE."

—And Mr. Foote testifies that he signed this paper, and handed it to Mrs. Goodenough, with the expectation that Welte would come and see him, and pay him, or make satisfactory arrangements with him for the amount specified in such paper.

The defendant Welte purchased the property some time in December, 1884, and testifies that he took it subject to certain mortgages, but not to the levy, and that he never saw the paper signed by Foote until after he received his deed, when Mrs. Goodenough showed it to him. Mr. Foote was, at the time of the signing of this paper, a partner of McCall, and is now one of the solicitors for the complainant in this cause. The complainant's bill was filed December 23, 1884.

It is very clear to us that, at the time this paper was handed to Mrs. Goodenough, Rogers, the complainant, considered the judgment paid and satisfied as far as he was concerned; and that Foote, in stating what his claim amounted to against the property, was seeking reimbursement from the Merrills and Goodenough, or Welte, as purchaser of their interests, for the money that he had advanced in payment of the judgment; and, failing in this, by an arrangement between Shriner and Foote it was agreed that Rogers

should undertake to collect the full amount of the judgment, and, if successful, repay to Foote what he had advanced.

The complainant, Rogers, is not produced and sworn as a witness, but sufficient appears from the testimony of Shriner and Foote to warrant the supposition that he was satisfied with what he had received until Foote failed to obtain from Merrill or Goodenough the money paid by him to Rogers.

After the payment by Foote to Shriner under the agreement, no execution was issued, although it appears that the balance of the judgment might have been collected. The conveyance of the forty acres, which the testimony shows to have been worth a thousand dollars more than the homestead exemption, was not made until May, 1883, over nine months after the rendition of the judgment, and six months after they claim the agreement was forfeited. Yet the execution was not issued until May, 1884.

Shriner testifies that Foote never had any interest in the judgment that he knew of, that it had been in his hands for collection all the time; but Foote swears that he "took the judgment, at one time, for Merrill's benefit," and told Mrs. Goodenough that he had bought the judgment, and endeavored to get her to compromise it; and also testifies that he "surrendered all claims or control that I ever had to Mr. Shriner before the commencement of this suit," and that the consideration for such surrender was "one resting between me and Mr. Shriner, and it is unsettled." It also appears that, when he surrendered his claims to Shriner for " a consideration," he handed back this "forfeited" agreement by which the judgment was canceled, and which he had retained until this time.

It is too plain for controversy that the judgment was paid and discharged, and so considered by all parties at the time defendant Welte purchased, and that it was attempted to be revived and enforced to aid Mr. Foote in the recovery of the money he advanced for Merrill; and when the project was once embarked upon, it was thought best to enlarge the scheme, and collect the whole of the

judgment, under a claim that the agreement to cancel had been forfeited by a non-fulfillment, on Merrill's part, of the arrangement to pay.

It seems to us that the payment of Foote, under the circumstances, must be considered, as far as Rogers is concerned, a payment by Merrill, and sufficient under the arrangement to cancel the judgment. Foote took no assignment of the judgment to protect himself, but trusted to Merrill to repay him, and, as against the defendant Welte, who purchased without any knowledge of his equitable interest therein, if any existed, must be considered as having lost all right to enforce said judgment against the land in the name of Rogers or otherwise.

The decree of the court below must be reversed, with costs of both courts to the defendant Welte, and a decree entered here vacating and setting aside the execution levy, as prayed in the answer of defendant.

The other Justices concurred.